IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**THOMAS CROCKETT,**
**ADC # 080478**                                                                                    **PETITIONER**

v.                              Case No. 5:87-cv-00341-KGB

**DEXTER PAYNE, Director**
**Arkansas Department of Correction**                                                **RESPONDENT**

## ORDER

Before the Court is petitioner Thomas Crockett's motion for reconsideration (Dkt. No. 34) of this Court's order (Dkt. No. 33) denying Mr. Crocket's motion for relief from judgment (Dkt. No. 32). For the following reasons, the Court denies Mr. Crocket's motion for reconsideration (Dkt. No. 34).

In 1983, Mr. Crockett pled guilty in Phillips County, Arkansas. On June 29, 1987, Mr. Crockett filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in *Crockett v. Lockhart*, Case No. PB-C-87-341 (Dkt. No. 23, at 2).[1] On November 6, 1987, United States Magistrate Judge H. David Young dismissed Mr. Crockett's petition and denied habeas relief (Dkt. No. 24-4). The United States Court of Appeals for the Eighth Circuit dismissed as frivolous Mr. Crockett's appeal of Judge Young's ruling on March 14, 1988 (Dkt. No. 23, at 2).

On September 5, 2017, Mr. Crockett filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(6), which was docketed as a new petition for writ of *habeas corpus* (Dkt. No. 24-1). After Mr. Crockett filed a motion for clarification requesting that the motion be construed as a motion for relief from judgment pursuant to Rule 60(b)(6) (Dkt. No. 24-2), in Findings and Recommendation, United States Magistrate Judge Patricia S. Harris granted

---

[1] This is the same case as the current case, Case No. 5:87-cv-00341.

Mr. Crockett's motion for clarification and construed Mr. Crockett's motion as a motion pursuant to Rule 60(b)(6), which Judge Harris determined should be filed in Case No. 5:87-cv-00341 (Dkt. No. 24-3).  Judge Harris recommended dismissing without prejudice the new case that had been opened (Dkt. No. 24-3, at 6).  Mr. Crockett objected to Judge Harris's recommendation.

Judge D. P. Marshall, Jr., adopted Judge Harris's Findings and Recommendation as modified over Mr. Crockett's objections (Dkt. No. 24-8).  Judge Marshall dismissed without prejudice Mr. Crockett's petition and declined to issue a certificate of appealability (Dkt. No. 24-8).  28 U.S.C. § 2253(c)(1)-(2).

Mr. Crockett filed a motion to reopen Rule 60(b) petition (Dkt. No. 24-10).  Judge Marshall granted Mr. Crockett's motion and directed the Clerk to file copies of every filing in Case No. 5:17-cv-00231 in Case No. 5:87-00341 and to reassign Case No. 5:87-cv-00341 at random (Dkt. No. 24).

The case was reassigned to this Court, and Mr. Crockett filed a renewal motion for relief from judgment (Dkt. No. 26) and a second renewal motion for relief from judgment (Dkt. No. 27).  This Court denied Mr. Crockett's motions (Dkt. Nos. 26-27).  Mr. Crockett's actual innocence argument failed because he presented no new evidence of innocence and admitted that all of the evidence upon which he relied for a claim of justification existed and was known at the time of his guilty plea (Dkt. No. 29 at 6-7).  Mr. Crockett's claim of a supervening change in the law and criticism of counsel failed because a change in decisional law is usually not, by itself, an extraordinary circumstance warranting Rule 60(b)(6) relief (*Id.*, at 7).  Furthermore, this Court found that the supervening cases on which Mr. Crocket relied did not apply to the facts of his case (*Id.*, at 8).  Mr. Crockett's second renewal motion for relief from judgment pursuant to Rule

60(b)(6) was the same as his first renewal motion for relief from judgment; therefore, it was denied as moot (*Id.*, at 10).

Mr. Crockett then filed a motion for reconsideration of this Court's denial of his motion for relief from judgment (Dkt. No. 30).  Mr. Crocket contended that this Court's ruling regarding *Sasser v. Hobbs,* a supervening case on which Mr. Crocket relies, is incorrect and should be revised (Dkt. No. 30, at 1).  Mr. Crockett also claimed that this Court should follow the examples of other circuit courts and find that a supervening change in the law justifies Rule 60(b)(6) relief (*Id.*, at 2).  A motion for reconsideration "serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence" after a final judgment.  *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citations omitted) (quotation marks omitted).  Mr. Crockett presented no newly discovered evidence in his motion for reconsideration.  Further, this Court saw no legal or factual basis on which to reconsider its prior ruling.  This Court therefore denied Mr. Crockett's motion for reconsideration (Dkt. No. 31).

Thereafter, Mr. Crockett filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. No. 32), that this Court denied for reasons set out in a written Order (Dkt. No. 33).

Now before the Court is Mr. Crockett's motion for reconsideration of this Court's Order denying his most recent motion for relief from judgment (Dkt. No. 34).  A motion for reconsideration "serve[s] the limited function of correcting manifest errors of law or fact or. . . present[ing] newly discovered evidence" after a final judgment.  *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations omitted).  Mr. Crockett presents no newly discovered evidence in his motion.  Further, the Court sees no legal or factual basis on

which to reconsider its prior ruling. The Court therefore denies Mr. Crockett's motion for reconsideration (Dkt. No. 34).

It is so ordered this 21st day of March, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge